UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, INC.,

    Plaintiff,

v.                                                CASE NO. 8:17-cv-190-T-23SPF

iCONTROL SYSTEMS, USA, LLC,

    Defendant.
_____/

## **ORDER**

        Alleging that iControl extracted confidential information from Fintech's former employees, Fintech sues (Doc. 1) iControl for misappropriating trade secrets, for tortiously interfering with employee confidentiality agreements, and for engaging in deceptive trade practices. Also, Fintech asserts claims for injurious falsehood, for misleading advertising, for unfair competition, and for tortious interference with a business relation. iControl moves (Doc. 68) for summary judgment. A June 12, 2018 report (Doc. 121) recommends granting summary judgment (1) on Fintech's four false-statement claims and (2) in part on Fintech's claims for misappropriation of trade secrets. Fintech objects (Doc. 129) to the recommendation on the injurious falsehood claim only, and iControl responds (Doc. 179) to the objection.

        To support the injurious falsehood claim, Fintech asserts that iControl lied to Dave & Busters, a Fintech client whose business iControl pursued, by stating that iControl's software is compatible with "Compeat," a popular accounting program.

In other words, the allegedly injurious falsehood is a boast by iControl about iControl's own software and not an attack by iControl against Fintech's software. Fintech asserts that this boast by iControl — this "puffing" — induced eleven Dave & Busters locations to switch from Fintech to iControl.

The magistrate judge's report finds the alleged false statement insufficient to support an injurious falsehood claim because the alleged falsehood is only iControl's boast about iControl's services, *i.e.*, iControl's claiming falsely that only iControl's software is compatible with Compeat. Because Fintech fails to identify a false statement by iControl about Fintech, the report concludes that iControl is entitled to summary judgment on the injurious falsehood claim.

Fintech objects to the report and argues that iControl's statement to Dave & Busters constitutes an injurious falsehood even if the statement describes only iControl's software. Fintech asserts that in Florida a cause of action for injurious falsehood requires only a knowingly false statement that causes the plaintiff to lose current or prospective customers.[1] But Fintech fails to cite precedent in which a

---

[1] The elements of injurious falsehood are "(1) a falsehood; (2) published or communicated to a third party; (3) the defendant knew that the falsehood would likely induce others not to deal with the plaintiff; (4) the falsehood does play a material and substantial part in inducing others not to deal with the plaintiff; and (5) special damages." *Bothmann v. Harrington*, 458 So.2d 1163, 1168 (Fla. 3d DCA 1984).

plaintiff prevails on an injurious falsehood claim and in which the defendant publishes a falsehood about only itself and not about the plaintiff.[2]

In effect, Fintech aspires to recover damages from iControl for falsely boasting to prospective customers about an advantage of iControl's software. "The tort law does not, however, create a general immunity from competition. Instead, 'it is only direct and unjustified interference that is actionable.'" *Harllee v. Prof'l Serv. Indus., Inc.*, 619 So.2d 298, 300 (Fla. 3d DCA 1992) (quoting *Perez v. Rivero*, 534 So.2d 914, 916 (Fla. 3d DCA 1988)). A competitor is "conditionally privileged" to falsely compare the competitors' goods or services with those of a rival, even if the competitor "does not believe that his own things are superior." Section 649, Restatement (Second) of Torts, explains:

> [s]o long as nothing more is done than to exaggerate dishonestly the merits of the publisher's goods as compared with those of his competitor the publisher is not liable. If, however, he goes further and makes a direct attack upon the quality of his competitor's things by stating specific unfavorable facts even though he does so to supply a reason for his claim that his own things are superior, he cannot successfully claim a privilege under the rule stated in this Section.

The Restatement analogizes conscious exaggeration to "sales talk" or "puffing," which a competitor "is permitted to indulge without liability." Restatement (Second) of Torts § 649. The practice of conscious exaggeration "is so well known that little or no importance is attached to the statements." To prevail on an injurious falsehood

---

[2] Even if iControl's false statement about iControl's software permitted a negative inference about Fintech's software, the negative inference was truthful and not actionable. Emails between Fintech executives confirm the incompatibility of Fintech's software with Compeat.

- 3 -

claim against a competitor, the plaintiff must identify a specific, unfavorable falsity uttered by the competitor about the plaintiff.

Consistent with the Restatement, Florida law requires as an essential element of a claim for injurious falsehood a specific and unfavorable falsity uttered by the defendant about the plaintiff. "Injurious falsehood" is an "umbrella" term that includes "slander of title," "disparagement of property," and "trade libel," *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So.2d 381, 386 (Fla. 4th DCA 1999), each of which requires a false statement that disparages the plaintiff. Slander of title requires a false statement about the plaintiff's title. *Phillips v. Epic Aviation, LLC*, 234 F. Supp. 3d 1174, 1206 (M.D. Fla. 2017). Similarly, disparagement of property requires "a false statement concerning one's property." *Bothmann*, 458 So.2d at 1170. And trade libel requires a false statement "disparaging the quality of another's land, chattels or intangible things." Restatement (Second) of Torts § 626. Each "injurious falsehood" tort requires a false statement about the plaintiff.

At most, Fintech alleges that iControl boasted falsely to Dave & Busters that iControl's software was superior to Fintech's software. Fintech identifies no "direct attack" on the quality of Fintech's products. In fact, Fintech's corporate representative, Glenn Jones, testifies that he is unaware of any falsehood told to Dave & Busters by iControl and about Fintech. Because Fintech fails to identify a statement by iControl containing a specific and unfavorable falsity about Fintech's

product, Fintech fails to demonstrate a genuine issue for trial. iControl is entitled to summary judgment on the injurious falsehood claim.[3]

The remainder of the report requires one modification. The report finds that Fintech publicly disclosed four purported trade secrets: Fintech's customer list, regulatory map, no-title-to-funds process, and analytic reports. The report concludes that Fintech cannot rely on these publicly disclosed "trade secrets" to prove Fintech's Florida trade secrets claim, but the report does not address whether Fintech can rely on these publicly disclosed "trade secrets" to prove Fintech's federal trade secrets claim. Because a plaintiff cannot rely on a publicly disclosed "trade secret" to prove a trade secrets claim brought under either federal law or Florida law,[4] iControl is entitled to summary judgment on both the federal trade secrets claim and the Florida trade secrets claim to the extent these claims rely on iControl's alleged misappropriation of Fintech's customer list, regulatory map, no-title-to-funds process, and analytic reports.

The objection (Doc. 129) is **OVERRULED** and the report and recommendation (Doc. 121) is **ADOPTED** as modified by this order. iControl's motion (Doc. 68) for summary judgment is **GRANTED IN PART** on the misappropriation claims. iControl's motion for summary judgment is **GRANTED**

---

[3] Fintech is not precluded from relying on iControl's alleged false statements to support Fintech's claim under the Florida Deceptive and Unfair Trade Practices Act.

[4] 18 U.S.C. § 1839(3)(B); Fla. Stat. § 688.002(4)(b).

on the claims for injurious falsehood, for misleading advertising, for unfair competition, and for tortious interference with a business relation.  The remainder of the motion is **DENIED**.

ORDERED in Tampa, Florida, on October 3, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE