UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                          CASE NO. 8:17-cv-190-T-23SPF

iCONTROL SYSTEMS, USA, LLC,

    Defendant.
_____/

**ORDER**

      iControl moves (Doc. 124) to strike Fintech's supplemental expert report. Fintech alleges (Doc. 1) that iControl misappropriated Fintech's software, which electronically transfers money between retailers and distributors of alcoholic beverages.  In December 2017, Fintech requested that iControl produce "design documents," that is, "software development project plans, test plans, requirement documents, timeliness . . . project communications . . . and methodology used to build software releases."  (Doc. 55)  iControl objected to the request for production, and Fintech "did not move to compel" because iControl reportedly "claimed that no such documents exist[]."  (Doc. 210 at 3)  The apparent absence of design documents caused Fintech's expert, Ivan Zatkovich, to opine (Doc. 47) that iControl could not have independently developed iControl's software and that Mark Lopez, a former

Fintech employee, supplied to iControl trade secrets that permitted iControl's successful software development.

During a deposition one week before the close of discovery, Fintech reportedly learned that iControl possessed design documents and moved (Doc. 55) to compel production.  At a March 13, 2018 hearing, iControl agreed to produce design documents, and on March 27, 2018, seven weeks after the close of discovery, iControl produced about 46,000 pages of design documents.  Four weeks after the production, Fintech served iControl with a supplemental expert report (Doc. 210-1).  In the supplemental report, Zatkovich opines that, in addition to Lopez, another former-Fintech employee supplied trade secrets to iControl.

Moving (Doc. 124) to strike the supplemental expert report, iControl argues that the supplemental report is untimely because the case management order (Doc. 8) "did not provide for expert reports beyond the discovery and dispositive motion deadlines." (Doc. 124 at 10)  The argument lacks merit.  The case management order creates no deadline for serving a supplemental expert report.  Rule 26(e), Federal Rules of Civil Procedure, requires a party to supplement an expert report "if the party learns that in some material respect the disclosure or response is incomplete or incorrect" and requires a party to supplement "by the time the party's pretrial disclosures . . . are due," that is, thirty days before trial.  Zatkovich's earlier reports were "incomplete" because the reports did not — and could not have — considered the design documents produced by iControl after the close of discovery.  And Fintech

timely supplemented the report more than thirty days before trial and within four weeks of iControl's producing 46,000 pages of design documents.

Also, iControl argues that the supplemental expert report contradicts Fintech's earlier opinion that Lopez was the sole source of the allegedly misappropriated trade secrets. In evaluating newly obtained evidence, an expert may deviate from an earlier opinion. *Oil Consulting Enters, Inc. v. Hawker Beechcraft Global, LLC*, No. 8:16-cv-3453, 2018 WL 936051, at *1 (M.D. Fla. Feb. 16, 2018) (Bucklew, J.). Because Fintech timely and appropriately supplemented the expert report, the motion (Doc. 124) to strike is **DENIED**.

No docket activity has occurred since an October 3, 2018 order (Doc. 211) grants in part iControl's motion for summary judgment. No later than **APRIL 25, 2019**, the parties must submit a joint status report. Also, the parties submit twenty-two motions in limine. A ruling on the motions (Docs. 132–140, 148–158, 163, 166) in limine is **DEFERRED** until trial.

ORDERED in Tampa, Florida, on March 18, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE