UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FINANCIAL INFORMATION
TECHNOLOGIES, LLC,**

    Plaintiff,

v.                                  CASE NO. 8:17-cv-00190-SDM-SPF

**ICONTROL SYSTEMS, USA, LLC,**

    Defendant.
_____/

## MOTION FOR EXTENSION TO FILE RENEWED
## MOTION FOR PERMANENT INJUNCTION

Plaintiff Financial Information Technologies, LLC ("Plaintiff" or "Fintech"), by and through undersigned counsel, moves for a brief extension of time to file a renewed motion for permanent injunction, through and including August 21, 2020. In support thereof, Plaintiff states as follows:

1. On August 10, 2020, this Court entered an Order denying Plaintiff's Motion for Permanent Injunction without prejudice and allowing Plaintiff until August 17, 2020 to file a renewed motion for permanent injunction "to identify with reasonable specificity the trade secrets for which Fintech demands an injunction." [Dkt. No. 279].

2. Undersigned counsel was working remotely on August 10, 2020 due to the COVID-19 pandemic when she received the Order, and inadvertently failed to ensure the August 17, 2020 deadline was calendared.

Case 8:17-cv-00190-SDM-SPF   Document 280   Filed 08/20/20   Page 2 of 6 PageID 12469

3. Undersigned counsel's failure was compounded by the fact that the associate assigned to the case, Mr. Reiniers, recently left the firm. In addition, undersigned counsel's office likewise inadvertently failed to calendar the August 17, 2020 deadline, likely because the deadline was not reflected in the ECF docket entry.

4. On August 11, 2020, the parties initiated settlement discussions, and Defendant requested Plaintiff stay execution of the judgment pending those discussions and pending its anticipated appeal. Undersigned counsel informed Defendant's counsel it intended to renew the motion for permanent injunction but ultimately agreed not to pursue collection efforts pending further discussion with her client. The parties scheduled a meeting to discuss settlement on August 18, 2020. In doing so, because the August 17, 2020 deadline had not been calendared, undersigned counsel did not realize that the settlement discussions would not occur until after the renewed motion for permanent injunction was due.

5. On August 20, 2020, Defendant informed Plaintiff that it had missed the August 17, 2020 deadline, and, recognizing her neglect, undersigned counsel immediately prepared and filed this motion.

6. Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff's request for extension is supported by excusable neglect under the circumstances presented. In considering whether excusable neglect exists, Courts typically look to the following four factors: "the danger of prejudice to

2

the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 398 (1993).

7. In the present case, each of these factors weighs in favor of granting Plaintiff's motion for a brief extension. Defendant will not be prejudiced by this brief extension, as the length of delay is only from a Monday to Friday and follows years of litigation. Further, the parties were engaged in settlement discussions, and undersigned counsel informed Defendant's counsel that Plaintiff intended to renew the motion during a telephone conversation on August 11, 2020. Thus, Defendant will not be "lulled or otherwise prejudiced by the untimely filing." *See, e.g., Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (finding excusable neglect where the plaintiff filed a request for trial *de novo* six days late and the parties were engaged in settlement discussions and continuing discovery in the interim). Moreover, if the Court grants Plaintiff's request, the renewed motion will be filed just eleven days after the Court's Order denying its original motion without prejudice.

8. The reason for delay and whether the movant acted in good faith also weigh in favor of granting the motion for extension, as undersigned counsel and her office failed to calendar the August 17, 2020 deadline set forth in the Order,

    the associate assigned to the case recently left the firm, and undersigned counsel immediately requested this extension upon recognizing her failure to timely file the renewed motion. *See Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198 (11th Cir. 1999) (finding excusable neglect where "the reason for the delay was the failure of a former secretary of [plaintiff's] attorney to record the applicable deadline"); *see also Cheney*, 71 F.3d at 850 (finding excusable neglect where the "delayed filing was a failure in communication between the associate attorney and the lead counsel").

9. The request for extension should also be granted because the danger of prejudice to Fintech is great if the request is not granted, as the jury found at trial that iControl has misappropriated Fintech's trade secrets and awarded Fintech $5.7 million as a result. The judgment was entered on March 5, 2020, and Fintech moved for a permanent injunction on the same date. [*See* Dkt. Nos. 249 and 251]. As set forth in Fintech's Motion for Permanent Injunction, Fintech has suffered irreparable injury as a result of iControl's misappropriation, and its inability to file a renewed motion due to undersigned counsel's neglect would result in extreme prejudice to Fintech, as iControl would be permitted to continue using the trade secrets which a jury found it had misappropriated from Fintech.

10. Undersigned counsel sincerely apologizes to the Court for missing the August 17, 2020 deadline and respectfully requests the Court grant Plaintiff a very brief extension, until August 21, 2020 to file its renewed motion.

11. Pursuant to Local Rule 3.01(g), undersigned counsel attempted to confer with Defendant's counsel prior to filing this motion, but was unable to reach Defendant's counsel by phone or email. Undersigned counsel will continue to attempt to confer on this motion and advise the Court of Defendant's position.

WHEREFORE, for the foregoing reasons, Plaintiff requests an extension through and including August 21, 2020 to file its renewed motion for a permanent injunction.

Respectfully submitted,

/s/Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Boulevard
Suite 1900
Tampa, Florida  33602
Telephone: (813) 318-5700
Facsimile:  (813) 318-5900
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 20, 2020, I electronically filed the foregoing with the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Robert L. Rocke, Esq.
rrocke@rmslegal.com
Jonathan B. Sbar, Esq.
jsbar@rmslegal.com
Andrea K. Holder, Esq.
aholder@rmslegal.com
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, lorida 33629

Jeffrey S. Bucholtz (*Pro Hac Vice*)
Paul Alessio Mezzina (*Pro Hac Vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW, Suite 200
Washington, DC 20006

/s/ Catherine H. Molloy
Attorney