UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                    CASE NO. 8:17-cv-00190-SDM-SPF

ICONTROL SYSTEMS, USA, LLC,

    Defendant.
_____/

## DECLARATION OF CATHERINE H. MOLLOY

1. My name is Catherine Hope Molloy. I am over eighteen (18) years of age. I am a resident of Florida. I am competent to give this affidavit. The facts set forth below are based upon my personal knowledge, as well as my review of documents maintained by Greenberg Traurig, P.A. in the ordinary course of business.

2. I am a shareholder in Greenberg Traurig, P.A.'s Tampa Office and am lead counsel on behalf of the Plaintiff in the matter styled *Financial Information Technologies, LLC v. iControl Systems, USA, LLC*, Case No. 8:17-cv-00190-SDM-SPF.

3. On August 10, 2020, this Court entered an Order denying Plaintiff's Motion for Permanent Injunction without prejudice and allowing Plaintiff until August 17, 2020 to file a renewed motion for permanent injunction "to identify with reasonable specificity the trade secrets for which Fintech demands an injunction." [Dkt. No. 279].

4. I was working from home on August 10, 2020 due to the COVID-19 pandemic when I received the Order and inadvertently failed to ensure that the August 17, 2020 was calendared. I have two children, one in kindergarten and one in 2nd grade, and I was caring for

them, finishing summer work, and preparing to send them back to school that week. While I read the order completely and must have seen the August 17, 2020 deadline, I did not realize that the due date was the following Monday or recognize that the deadline was just seven (7) days out.

5. The associate assigned to the file, Tristan Reiniers, left Greenberg Traurig in July 2020, and no other associate had been assigned to the case, which contributed to the calendaring issue not being identified.

6. On August 11, 2020, Defendant's counsel's office emailed me and requested a discussion. I subsequently spoke with Defendant's counsel late in the afternoon, and Defendant requested the parties initiate settlement discussions and also requested Plaintiff stay execution of the judgment pending those discussions and pending Defendant's anticipated appeal. In response, I informed Defendant's counsel that we intended to file a renewed motion for permanent injunction and would have to otherwise discuss the request for stay with my client.

7. Defendant's counsel and I subsequently scheduled a meeting between the parties to discuss settlement for Tuesday, August 18, 2020. I also agreed not to pursue collection efforts on behalf of Plaintiff pending further discussion with my client. In doing so, because the August 17, 2020 deadline had not been calendared, I did not realize that the settlement discussions would not occur until after the renewed motion for permanent injunction was due.

8. On August 20, 2020, Defendant informed Plaintiff that it had missed the August 17, 2020 deadline in a business-to-business discussion. As soon as I heard this, I checked the docket and the Court's Order and realized the deadline had been missed and immediately prepared and filed a motion for extension.

9. The next day, on August 21, 2020, consistent with the requested extension, I filed the renewed motion for permanent injunction. In addition, I looked into the fact that the deadline had not been calendared and discovered that it had also not been calendared for co-counsel Richard C. McCrea, Jr.

10. I subsequently brought the calendaring issue to the attention of our Business Director, Rodolfo Leal, who investigated it further and discovered the error was due to a breakdown in the workflow process for ProLaw. Mr. Leal and I subsequently instituted policies and procedures to make sure this type of error does not happen again.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on Auguat 26, 2020.

*Catherine H. Molloy*