UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, LLC,

    Plaintiff,                                          Case No.:  8:17-cv-00190-T-23MAP

vs.

ICONTROL SYSTEMS, USA, LLC,

    Defendant.
_____/

**ICONTROL'S EXPEDITED MOTION FOR STAY OF EXECUTION
TO SECURE A BOND OR EQUIVALENT SECURITY AND TO DETERMINE
THE AMOUNT OF BOND OR EQUIVALENT SECURITY**

Defendant, iControl Systems, USA, LLC ("iControl") respectfully moves, pursuant to Federal Rule of Civil Procedure 62, for a stay of execution until 30 days after this Court disposes of the renewed motion for a permanent injunction filed by plaintiff Financial Information Technologies, LLC ("Fintech").  iControl also asks that the Court determine the amount of the bond or equivalent security that iControl will be required to post in order to obtain a stay of execution pending appeal.  Fintech does not consent to this Motion and does not consent to forgo execution pending disposition of this motion, which is why iControl seeks expedited consideration.[1]

---

[1] On September 3, 2020, Fintech served iControl with Fintech's First Set of Interrogatories in Aid of Execution pursuant to Federal Rule of Civil Procedure 69.  iControl's responses are due in 30 days.  iControl will respond to Fintech's interrogatories in due course and does not seek a stay of post-judgment discovery; iControl seeks only a temporary stay of *execution*.

## Procedural Facts Giving Rise to This Motion

This Court entered judgment against iControl for $5.7 million on March 5, 2020. (Doc. 251). iControl moved for a stay of execution pending the Court's disposition of the post-trial motions. (Doc. 260). Fintech did not consent to the requested relief but agreed that it would not attempt to execute on the judgment until the Court ruled on the stay motion. (Doc. 260). On August 10, 2020, this Court entered its Order on the post-trial motions, which denied the motion for stay of execution as moot but also denied Fintech's motion for a permanent injunction, without prejudice. (Doc. 279). The Court's Order determined that "the Florida Uniform Trade Secrets Act authorizes the injunction of specific, identifiable trade secrets but authorizes no blanket restraint of competition." (Doc. 279 p. 3, citing *East v. Aqua Gaming, Inc.*, 805 So. 2d 932, 935 (Fla. 2d DCA 2001)). However, the Court also permitted Fintech until August 17, 2020, to renew its motion for permanent injunction "identifying with reasonable particularity the specific trade secrets for which Fintech requests an injunction." (Doc. 279, p.4).

Fintech did not timely renew its motion for permanent injunction by the deadline imposed by the Court. Instead, after the close of business on August 20, 2020, Fintech filed a motion for an extension of time to file its renewed motion for permanent injunction (Doc. 280), which iControl opposed (Doc. 281). On August 25, 2020, this Court granted Fintech leave to file a renewed motion for a permanent injunction "[n]o later than August 26, 2020." (Doc. 283, p. 1). The Court also held that Fintech's motion "must demonstrate 'excusable neglect' for the failure to timely move." (*Id.*). Fintech filed its renewed motion on August 26, 2020. (Doc. 284). iControl opposes the motion, both on the ground that Fintech has not shown excusable neglect and on the merits, as explained in detail in iControl's response to the renewed motion. Among other flaws, the proposed

2

injunction is vastly overbroad, is not limited to protectible trade secrets, and does not provide reasonable notice of what conduct is prohibited.

Since March of 2020, iControl has been working with a lender to obtain a bond or other security to enable it to pursue an appeal of the judgment. As iControl previously explained, the lender was reluctant to underwrite a bond while Fintech's original motion for a permanent injunction was pending, as Fintech's requested injunction was so broad in scope that it would have significantly affected the value of the company. (Doc. 260, at 3). After Fintech failed to timely renew its motion, iControl's lender indicated that it was willing to discuss terms on which it would underwrite a bond or an acceptable alternative (such as a letter of credit). iControl and the lender discussed the terms of such an undertaking, and iControl immediately began working diligently to meet the lender's requirements. Unfortunately, Fintech's attempt to late-file its renewed motion for injunctive relief has complicated the process. Although Fintech's renewed request purports to be more narrowly tailored, the injunction terms Fintech has proposed are so sweeping and vague that they are not meaningfully different from Fintech's previous request for a blanket injunction, which the Court denied. It will thus be difficult for iControl to obtain a bond or equivalent security while Fintech's renewed motion remains pending.

## **The Court Should Grant a Temporary Stay of Execution Pending Disposition of Fintech's Renewed Motion for a Permanent Injunction**

Federal Rule of Civil Procedure "62(a) expressly recognizes" the Court's authority to "supersede" the 30-day automatic stay "by ordering a stay that lasts longer." Fed. R. Civ. P. 62, (Advisory Committee Note on 2018 Amendments). Rule 62(b) separately provides that "at any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Under Rule 62, iControl would be entitled to a stay under Rule 62(b) if it could provide a bond or other comparable security. iControl has been working with a lender to obtain such security.

3

Even without a bond, the Court has discretion under Rule 62(a) to extend the automatic 30-day stay as requested by this Motion. *See United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1325 (M.D. Fla. 2011) (Merryday, J.) ("[I]f the judgment debtor posts no bond, whether to grant a stay is a matter 'strictly within the judge's discretion.'"); *Whitesell Corp. v. Electrolux Home Prods., Inc.*, 2019 WL 2448665, at *2 (S.D. Ga. June 10, 2019) ("A district court certainly has the inherent discretionary authority ... to waive the bond requirement.").

It is appropriate to stay the execution of a judgment "in cases deemed 'extraordinary,' such as where defendants who face extremely large monetary judgments are unable to secure a supersedeas bond." *Columbia Cas. Co. v. Ker, Inc.*, 2009 WL 10673292, at *1 (M.D. Fla. Sept. 23, 2009). In this case, extraordinary circumstances, including Fintech's repeated, inappropriate requests for an overbroad injunction, have impeded iControl's efforts to secure a bond quickly. iControl nonetheless expects it will be able to quickly finalize the matter if the Court denies Fintech's renewed motion for injunctive relief (either on the merits or because of Fintech's failure to demonstrate excusable neglect). Moreover, to finalize those arrangements, iControl will also need this Court's determination as to the amount of the bond or other security.

The balance of equities here strongly favors a brief stay. Even in the case of a stay pending appeal, a court may stay a judgment without a bond "if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). In this case, iControl is not seeking a full stay pending appeal without a bond. Rather, iControl seeks a brief stay of execution to obtain a bond or other security following the Court's resolution of Fintech's renewed request for injunctive relief. Fintech will not be materially prejudiced by a short stay of execution, especially considering that in the meantime, iControl will respond to Fintech's post-judgment discovery. iControl, on the other hand, will be irreparably harmed absent

4

a stay. (*See* Doc. 260 at 2-3). Allowing Fintech to execute on the $5.7 million judgment, without allowing iControl a brief extension to obtain a bond or equivalent security, would also be inequitable because Fintech's continued improper request for an overly broad injunction has created the impediment to iControl's obtaining such security.

**The Court Should Set the Amount of the Bond or Other Security at $6,270,000**

Federal Rule of Civil Procedure 62(d) "allows for a stay pending appeal if the appellant files a super[s]edeas bond. The stay is a matter of right." *U.S. v. Wylie*, 730 F.2d 1401, 1402 n.2 (11th Cir. 1984). The same Rule provides that this Court may approve a supersedeas bond and stay enforcement of the judgment pending appeal.

iControl asks the Court to determine the amount of the bond or other security so that iControl can finalize its negotiations with its lender immediately following resolution of Fintech's renewed motion for a permanent injunction. The Middle District's local rules do not have a suggested formula for determining bonds. However, the Local Rules in the Southern District of Florida provide a formula of the amount of the judgment plus ten percent, S.D. Fla. L.R. 62.1(a). The Southern District's guidelines have been followed in the Middle District. *See Regions Bank v. Legal Outsource PA*, No. 2:14-cv-476-FtM-PAM-MRM, 2017 WL 11461033, at *2 (M.D. Fla. Apr. 27, 2017) (setting the bond at 10% above the amount of the final judgment). Although some courts in the Middle District have at times set bonds at 25% above the amount of the final judgment, given current low postjudgment interest rates, a 10% cushion is more than adequate protection for Fintech's $5.7 million judgment. Moreover, as the Court has not yet ruled on Fintech's contested motion for attorney's fees, the fees "are not part of any judgment and as such, [are] not properly included in a supersedeas bond." *Rezendes v. Domenick's Blinds & Décor, Inc.*, No. 8:14-cv-1401-T-33JSS, 2015 WL 5735419, *3 (M.D. Fla. Sept. 22, 2015). iControl thus asks

the Court to exercise its discretion to set the amount of the bond or equivalent security at 110% of the judgment, i.e. $6,270,000.

## CONCLUSION

iControl asks that the Court grant this motion and enter a stay of execution of the judgment for 30 days after the Court disposes of Fintech's renewed motion for permanent injunction. iControl also asks that the Court set the amount of the bond or other security iControl will be required to provide at $6,270,000.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I certify that counsel for the parties engaged in good faith communications by telephone and in writing in an attempt to resolve the issues presented in this Motion. Despite the good faith communications, the parties were unable to resolve their conflicting positions.

| | |
|---|---|
| Jonathan B. Sbar, Esq. (FBN 131016) <br> Email: jsbar@rmslegal.com <br> Robert L. Rocke, Esq. (FBN 710342) <br> Email: rrocke@rmslegal.com <br> Andrea K. Holder, Esq. (FBN 104756) <br> Email: aholder@rmslegal.com <br> ROCKE, McLEAN & SBAR, P.A. <br> 2309 S. MacDill Avenue <br> Tampa, FL  33629 <br> Phone: 813-769-5600 | /s/ Jeffrey S. Bucholtz <br> Jeffrey S. Bucholtz (*Pro Hac Vice*) <br> Email: jbucholtz@kslaw.com <br> Paul Alessio Mezzina (*Pro Hac Vice*) <br> Email: pmezzina@kslaw.com <br> KING & SPALDING LLP <br> 1700 Pennsylvania Ave. NW, Suite 200 <br> Washington, D.C.  20006 <br> Phone: 202-626-2907 |

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on September 4, 2020, I electronically filed the foregoing via the Court's CM/ECF filing system, which will send a notice of filing to all counsel of record.

/s/ Jeffrey S. Bucholtz
Jeffrey S. Bucholtz
