UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FINANCIAL INFORMATION**
**TECHNOLOGIES, LLC,**

    Plaintiff,

v.                                               CASE NO. 8:17-cv-00190-SDM-SPF

**ICONTROL SYSTEMS, USA, LLC,**

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO ICONTROL'S EXPEDITED MOTION FOR**
**STAY OF EXECUTION TO SECURE A BOND OR EQUIVALENT SECURITY**
**AND TO DETERMINE THE AMOUNT OF BOND OR EQUIVALENT SECURITY**

**I.**

**PRELIMINARY STATEMENT**

Defendant iControl Systems, USA, LLC ("iControl") has moved under Federal Rule of Civil Procedure 62 to stay execution of the judgment pending resolution of plaintiff Financial Information Technologies, LLC's ("Fintech") renewed motion for a permanent injunction, and for the Court to determine the amount of the bond or equivalent security that iControl will be required to post to obtain a stay of execution pending appeal. [Doc. 286]. Fintech opposes iControl's expedited motion for the following reasons:

1.     Following the Court's denial of iControl's post-trial motions, on August 14, 2020, iControl asked Fintech to agree to a ten day stay of execution so that iControl could secure a bond for an appeal. Fintech agreed not to engage in

collection efforts until undersigned counsel and Fintech could discuss iControl's request, and ultimately afforded iControl more than ten days to secure the bond. However, iControl did not do so and instead filed an additional motion at the end of the stay period, without explanation as to why it had not already secured the bond during the initial ten days it had requested. In fact, iControl has had more than six months to secure a bond for appeal since the judgment in this action and has not done so.

2. iControl's request for a stay of execution until 30 days after the court disposes of Fintech's renewed motion for a permanent injunction is improper because the resolution of Fintech's request for an injunction is wholly separate from iControl's obligation to pay the Court ordered judgment or secure a bond because it has filed a notice of appeal. [Doc. 287].

3. The Court should set the bond amount at $7,125,000, which is twenty-five percent above the judgment amount and consistent with prior Middle District decisions because iControl has not provided substantiated assurances about its ability to pay the judgment and the Court must protect Fintech as the non-appealing party.

II.

## ARGUMENT

### A. iControl Should Post A Bond To Support Its Notice Of Appeal Instead Of Requesting Another Stay

This is iControl's third attempt to delay securing a bond since the Court entered the $5.7 million judgment against iControl on March 5, 2020. First, on

March 30, 2020, iControl moved for stay of execution of the judgment pending disposition of post-trial motions. [Doc. 226]. Fintech opposed the motion for stay but agreed to suspend collection of the judgment pending the Court's resolution of iControl's motion for stay. On August 10, 2020, the Court ruled on post-trial motions and denied iControl's motion for stay as moot. [Doc 279]. The Court's August 10, 2020 Order denied iControl's motion for a new trial on liability and for judgment as a matter of law on damages, but authorized Fintech to file a renewed motion for permanent injunction. Consequently, all issues that affect the appealability of the judgment were resolved on August 10, 2020 – over thirty days ago.

Second, on August 14, 2020, iControl asked Fintech to agree to a ten day stay of execution so that iControl could secure a bond for an appeal. In response, Fintech agreed not to engage in collection efforts until Fintech and its counsel could discuss the request. As the parties continued settlement negotiations and Fintech filed its renewed motion for permanent injunction, the ten days that would have been used for the stay passed. During this time, iControl did not secure a bond or other security agreement.

On September 3, 2020, Fintech informed iControl that the requested ten-day period had expired, and Fintech would proceed with collection efforts. The next day, on September 4, 2020, iControl launched its third attempt to delay securing a bond by filing the present motion requesting a stay until 30 days after

the Court disposes of Fintech's renewed motion for execution. On September 4, 2020, iControl also filed its Notice of Appeal. [Doc. 287].

At this juncture, over six months after the judgment in this action, Fintech is materially prejudiced by iControl's continued delay, and iControl should be required to post a bond to "assure that, if an appeal . . . [is] unsuccessful, there will be adequate funds available to pay the judgment." *Aerospace Mktg., Inc. v. Ballistic Recovery Sys., Inc.*, 2005 WL 2057404, at *1 (M.D. Fla. Aug. 23, 2005); 12 *Moore's Federal Practice* - Civil § 62.03 (2020); *see also United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1324, (M.D. Fla. 2011) (("The practice of providing a judgment creditor full security during an appeal dates at least to the early seventeenth century, and was incorporated into early American law." (internal citation omitted)). Without a bond, Fintech is not secured "against any loss sustained as a result of being forced to forgo execution on a judgment" during this period of delay. *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

Although iControl's expeditated motion contends that "[s]ince March 2020, iControl has been working with a lender to secure a bond to pursue appeal of the judgment," iControl still has not secured a bond. [Doc. 286]. This is concerning to Fintech, as the inability to secure a bond – as well as the statements in support of iControl's first motion to stay [Doc. 260] – demonstrate that Fintech's ability to collect the judgment is in jeopardy. In its initial motion to stay, iControl represented that "iControl's business, which focuses on processing payments for [ ] restaurants

4

and retailers, has been especially hard hit" and that "allowing Fintech to enforce the $5.7 million judgment at this time would pose a serious threat to iControl's survival."  [Doc. 260].  Similarly, iControl's current motion states that it will be "difficult for iControl to obtain a bond or equivalent security while Fintech's renewed motion remains pending."  [Doc. 286].  iControl implies that it will not be able to obtain a bond at all if the injunction is granted and encourages the Court to deny Fintech's motion for injunction so it can obtain one.  [Doc. 286 at p. 4].  This argument contradicts its request for a stay, as iControl's "inability to post a bond does not in any conceivable way show that Plaintiff's interest in the full value of the judgment is secure." *Lewis v. United Joint Venture*, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009) (Defendant's "alleged illiquidity strengthens, not weakens, the need for an appropriate bond").

Where "the defendant's ability to satisfy its obligations, now or in the future, is uncertain then it is not appropriate to stay execution of a judgment." *Slip N' Slide Records, Inc. v. TVT Records, LLC*, 2007 WL 1098751, at *2 (S.D. Fla. Apr. 8, 2007)(emphasis supplied) (*citing Aerospace Marketing, Inc. v. Ballistic Recovery Sys., Inc.,* 2005 WL 2057404 (M.D.Fla. Aug. 23, 2005)); *see also Avirgan v. Hull*, 125 F.R.D. 185, 188 (S.D. Fla. 1989) ("[i]t is important to note that, with the [judgment debtor]'s admitted financial difficulty, this case appears to be just the type for which the supersedeas is designed—"the financial distress of the debtor puts the judgment creditor in peril if it waits for the appeal to take its course"); *S.E.C. v. Black*, 2012 WL 5429908, at *2 (N.D. Ill. Nov. 6, 2012) ("[p]ossible inability

5

to satisfy a judgment is good reason to deny a stay or require a bond"). Accordingly, the Court should deny iControl's expedited motion for stay.

**B.     iControl's Obligation To Secure A Bond Or Equivalent Security Is Unrelated To The Parties' Permanent Injunction Dispute**

iControl inexplicably links its expedited motion for stay of execution with Fintech's pending Renewed Motion for Permanent Injunction. On August 10, 2020, the Court ruled that iControl's original motion for stay was moot at the same time the Court authorized Fintech to file a renewed motion for permanent injunction. [Doc. 279]. Accordingly, the Court has already recognized that a renewed motion for permanent injunction is independent from this case's monetary judgment and a motion to stay execution of the monetary judgment.

Notwithstanding the fact that the injunction and the monetary judgment are wholly separate issues, iControl suggests that it will "be difficult for iControl to obtain a bond or equivalent security while Fintech's renewed motion remains pending," and iControl "expects that it will be able to quickly finalize the matter if the Court denies Fintech's renewed motion for injunctive relief." [Doc. 286]. This argument is not supported by the facts or law. iControl's ability to secure a bond is not contingent upon this Court ruling in iControl's favor on the renewed motion for permanent injunction. Rather, iControl's ability to secure a bond is directly related to a multitude of factors within iControl's control, including its effort to secure a bond and the company's financial position. Neither of these issues is addressed in detail in the current expedited motion. Instead, the expedited motion explains iControl's negotiations with a single lender since March and blames the

6

injunction issue for causing difficulties in securing a bond. This is a red-herring. iControl has had over six months to secure a bond; all issues related to the appealability of the judgment have been resolved for over a month; and iControl is presently pursuing its appeal without positing a bond.

Further, iControl has not addressed why it needs 30 days after the Court's ruling on a permanent injunction to secure a bond – especially because iControl asked Fintech to consider a ten day stay after the court dismissed iControl's initial motion for stay and when iControl anticipated that Fintech would be filing a renewed motion. It is unclear why iControl believed it could secure a bond within ten days when it anticipated Fintech would file a renewed motion, yet now seeks an additional 30 days after the Court rules on Fintech's renewed motion. iControl has not set forth any facts explaining why it has not secured a bond as it said it would do back on August 14, 2020. Accordingly, the Court should deny this expedited motion for a stay and require iControl to post a bond or other security to support its appeal.

**C.     The Court Should Set The Amount Of Bond Or Other Security At $7,125,000, Which Is Twenty-Five Percent Over The Judgment Amount**

The Court should set the bond amount at twenty-five percent above the judgment – not ten percent above the judgment as iControl requests. The bond amount is typically "more than the value of the judgment to provide security for interest, costs, and an award of damages for delay." *O'Callaghan*, 805 F. Supp. 2d at 1325 n. 3. Unlike the Southern District of Florida, which sets the bond

amount at ten percent above the judgment amount, the Middle District of Florida's local rules do not set a formula for determining bond amounts.

"Judges in the Middle District, however, have exercised discretion to set the bond at 125 percent of the judgment to cover, among other items, the delay damages and post-judgment interest." *United States ex rel. Yates v. Pinellas Hematology & Oncology, P.A.*, 2020 U.S. Dist. LEXIS 23402, *2, 2020 WL 674155 (setting the bond amount at 125% of judgment); *see e.g., Hiscox Dedicated Corporate Member, Ltd. v. Matrix Group Limited*, 2012 U.S. Dist. LEXIS 12026, 2012 WL 333806 (M.D. Fla. Feb. 1, 2012) (same); *Rezendes v. Domenick's Blinds & Decor, Inc.*, 2015 U.S. Dist. LEXIS 126835, *7, 2015 WL 5735419 (M.D. Fla. Sept. 22, 2015) (same); *Houston Specialty Ins. Co. v. Vaughn,* 2018 U.S. Dist. LEXIS 231713, 2018 WL 10128047 (M.D. Fla. Feb. 23, 2018) (same)*.* The Court may even choose to set the bond amount above 125% of judgment to account for an "undetermined amount of attorney's fees incurred in this Court and any damages resulting to Plaintiff due to Defendant's delay in satisfying the judgment." *See Noel v. Terrace of St. Cloud, LLC*, 2016 U.S. Dist. LEXIS 81848, *6 (M.D. Fla. June 23, 2016) (setting the amount at 150% of judgment).

"Another factor to be considered in fashioning security is whether the movant has made a substantiated claim about its ability to pay the judgment." *United States ex rel.* Yates, 2020 U.S. Dist. LEXIS 23402 at *2. Where "[d]efendants have not attempted to claim or show they will have the ability to pay the judgment after the appeal has concluded," Middle District courts have

recognized "concerns about protecting the non-appealing party" and have authorized setting bond at twenty-five percent more than judgment.  *Id.*; *Hiscox Dedicated Corporate Member, Ltd.,* 2012 U.S. Dist. LEXIS 12026 at *4.

In this matter, iControl has not made a substantiated claim about its ability to pay the judgment, and the motions submitted by iControl provide no assurances from which the Court can draw conclusions about iControl's ability to pay.  [Docs 260, 286].  Accordingly, Fintech has concerns about iControl's ability to pay the judgment and asks the Court to set the bond amount at $7,125,000, which is 25 percent above the judgment amount.

WHEREFORE, for the forgoing reasons, Fintech requests the Court deny iControl's expedited motion and require that iControl post a bond of $7,125,000 pending its appeal.

>                                     Respectfully submitted,
>
>                                     /s/Catherine H. Molloy
>                                     Richard C. McCrea, Jr.
>                                     Florida Bar No. 351539
>                                     Email:  mccrear@gtlaw.com
>                                     Catherine H. Molloy
>                                     Florida Bar No. 33500
>                                     Email: molloyk@gtlaw.com
>                                     **GREENBERG TRAURIG, P.A.**
>                                     101 E. Kennedy Boulevard
>                                     Suite 1900
>                                     Tampa, Florida  33602
>                                     Telephone: (813) 318-5700
>                                     Facsimile:  (813) 318-5900
>                                     *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 10, 2020, I electronically filed the foregoing with the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Robert L. Rocke, Esq.
rrocke@rmslegal.com
Jonathan B. Sbar, Esq.
jsbar@rmslegal.com
Andrea K. Holder, Esq.
aholder@rmslegal.com
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, Florida 33629

Jeffrey S. Bucholtz (*Pro Hac Vice*)
Paul Alessio Mezzina (*Pro Hac Vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW, Suite 200
Washington, DC 20006

/s/ Catherine H. Molloy
Attorney