UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                                    CASE NO. 8:17-cv-190-T-23SPF

ICONTROL SYSTEMS, USA, LLC,

    Defendant.
_____/

## **ORDER**

iControl Systems moves (Doc. 286) to stay execution on Fintech's $5.7 million judgment. iControl proposes a stay until thirty days after disposition of Fintech's renewed motion (Doc. 284) for a permanent injunction. iControl insists that the prospect of an injunction prevents iControl's obtaining from a lender or surety a bond or equivalent security under Rule 62, Federal Rules of Civil Procedure, because the prospective injunction "significantly affect[s] the value of the company." (Doc. 286 at 3) The requested stay, asserts iControl, allows the defendant "to obtain a bond or other security to enable [the company] to pursue an appeal of the judgment." (Doc. 286 at 3)

Whether to grant a stay without bond or equivalent security under Rule 62 rests "strictly within the judge's discretion." *United States v. O'Callaghan*, 805 F.

Supp. 2d 1321, 1325 (M.D. Fla. 2011); 12 Moore's Federal Practice - Civil § 62.03 (2020) ("The court, within its discretion, may dispense with the posting of a security.")  Typical considerations governing issuance of a stay without bond include "whether the judgment debtor is sufficiently solvent to 'facilely respond to a money judgment,'" whether collection is complex, and whether collection after expiration of the stay appears reasonably prompt.  *O'Callaghan*, 805 F. Supp. 2d at 1326 (M.D. Fla. 2011); *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th 1988); Moore's, Civil § 62.03 (describing the grounds).  Another consideration is whether the judgment is "extremely large" and effectively prevents the acquisition of a bond.  *Columbia Cas. Co. v. Ker, Inc.*, 2009 WL 10673292, at *1 (M.D. Fla. 2009) (citing cases).

"iControl is not seeking a full stay pending appeal without bond."  Doc. 286 at 4)  Rather, iControl requests an interim stay without bond pending the disposition of a post-judgment motion.  *Slip N' Slide Records, Inc. v. TVT Records, LLC*, 2007 WL 1098751, at *3 (S.D. Fla. 2007) (suggesting the adequacy of a stay pending resolution of a post-judgment motion).  In the present circumstance, a brief stay appears not to materially and adversely affect collection, and iControl commits to timely respond to Fintech's recently undertaken discovery in aid of execution.  (Doc. 286 at 1)  Although Fintech argues that iControl's inability to secure bond "demonstrate[s] that Fintech's ability to collect the judgment is in jeopardy," (Doc. 290 at 4) the formidable size of the judgment commends flexibility in granting an interim stay

without bond because uncertainty (the outcome of the permanent injunction, among other things) might affect the amount or form of security iControl can obtain. On balance, to facilitate iControl's acquisition of a bond, an interim stay is warranted.

Also, iControl "asks the Court to determine the amount of the bond or other security so that iControl can finalize negotiations with its lender." (Doc. 286 at 5) No binding formula exists for calculating bond, although "a judgment debtor posting a bond must typically post a bond for more than the value of the judgment." *O'Callaghan*, 805 F. Supp. at 1325 n.3 (M.D. Fla. 2011). In state courts throughout Florida, a party can stay execution pending appeal by a bond "equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest." Rule 9.310(b)(1), Florida Rules of Appellate Procedure. iControl proposes a bond of $6,270,000, which roughly equals the judgment amount plus twice the October 2020 annual interest rate prescribed in Florida.[1] Further, the proposed bond mirrors the rate set

---

[1] Florida lists current and recent judgment interest rates at: https://www.myfloridacfo.com/Division/AA/LocalGovernments/Current.htm

| Effective Date | Rate Per Annum | Daily Rate as a Percentage | Daily Rate as a Decimal |
|---|---|---|---|
| October 1, 2020 | 5.37% | .0146721% | .000146721 |
| July 1, 2020 | 6.03% | .0164754% | .000164754 |
| April 1, 2020 | 6.66% | .0181967% | .000181967 |
| January 1, 2020 | 6.83% | .0186612% | .000186612 |
| October 1, 2019 | 6.89% | .0188767% | .000188767 |
| July 1, 2019 | 6.77% | .0185479% | .000185479 |
| April 1, 2019 | 6.57% | .0180000% | .000180000 |
| January 1, 2019 | 6.33% | .0173425% | .000173425 |
| October 1, 2018 | 6.09% | .0166849% | .000166849 |
| July 1, 2018 | 5.97% | .0163562% | .000163562 |
| April 1, 2018 | 5.72% | .0156712% | .000156712 |

by other Florida federal courts. S.D. Fla. L.R. 62.1 (suggesting a bond for the full amount of the judgment plus ten percent interest). The similarity between iControl's proposal and the amount typically demanded in Florida state and federal courts confirms that $6,270,000 is a reasonable bond.

The defendant's motion (Doc. 286) to stay execution of the judgment is **GRANTED-IN-PART**. At any time, iControl can secure a stay under Rule 62 by depositing with the clerk a **$6,270,000 bond or equivalent security**. To afford iControl time to procure this bond and to allow Fintech the opportunity to assess iControl's ability to satisfy the judgment, execution and levy are **STAYED** through **OCTOBER 30, 2020**.

Unless iControl earlier deposits a sufficient bond or equivalent security, not later than **OCTOBER 23, 2020**, (1) iControl must file a verified statement of iControl's ability to satisfy the judgment, and (2) Fintech must submit a status report on discovery in aid of execution.

ORDERED in Tampa, Florida, on September 15, 2020.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE