UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, LLC,

    Plaintiff,                                         Case No.:  8:17-cv-00190-T-23MAP

vs.

ICONTROL SYSTEMS, USA, LLC,

    Defendant.
_____/

## ICONTROL'S SUPPLEMENTAL EXPEDITED MOTION FOR STAY OF EXECUTION TO SECURE A BOND OR EQUIVALENT SECURITY

Defendant, iControl Systems, USA, LLC ("iControl") respectfully moves, pursuant to Federal Rule of Civil Procedure 62, for a stay of execution until five business days after this Court disposes of the renewed motion for a permanent injunction filed by Plaintiff, Financial Information Technologies, LLC ("Fintech").  Fintech does not consent to this Supplemental Motion and does not consent to forgo execution pending disposition of this motion, which is why iControl seeks expedited consideration.

### Procedural Facts Giving Rise to This Motion

The relevant procedural facts giving rise to this motion are detailed in iControl's original Expedited Motion for Stay of Execution to Secure a Bond or Equivalent Security. (Doc. 286).  In the Expedited Motion, iControl explained the complications to securing a bond or equivalent security created by Fintech's untimely renewed motion for a permanent injunction, which Fintech filed on August 26, 2020. (Doc. 284).[1]  The injunction terms Fintech has proposed in its renewed

---

[1] The Court denied Fintech's initial motion for a permanent injunction, determining that "the Florida Uniform Trade Secrets Act authorizes the injunction of specific, identifiable trade secrets but authorizes no blanket restraint of

motion are so sweeping and vague that they are not meaningfully different from Fintech's previous request for a blanket injunction, which the Court denied. In the Expedited Motion, iControl explained that Fintech's continued improper request for an overbroad injunction prevented iControl from securing a bond or equivalent security because, if granted, Fintech's proposed injunction would threaten iControl's regulated commerce business and significantly affect the value of the company. iControl requested a stay of execution for 30 days after the Court's ruling on Fintech's renewed motion.

In its September 15, 2020, Order (Doc. 291), the Court set the amount of the bond at $6,270,000 as requested by iControl and granted a stay until October 30, 2020. The Court also ordered iControl to file a verified statement of its ability to satisfy the judgment and required Fintech to submit a status report on discovery in aid of execution. iControl complied with the Court's order, detailing in a Verified Statement of its chief executive officer its efforts to obtain the necessary financing to enable it to provide a bond or equivalent security. (Doc. 293).

In sum, iControl and an investor have largely agreed on terms that would allow iControl to obtain financing for an irrevocable letter of credit for $6,270,000, and iControl and its bank have largely agreed on the commercial terms for the irrevocable letter of credit itself. However, iControl's investor is unwilling to provide the necessary financing while Fintech's request for an overly broad injunction that could effectively prevent iControl from operating its regulated commerce business remains pending. If the injunction requested by Fintech is not granted and

---

competition." (Doc. 279 p. 3, citing *East v. Aqua Gaming, Inc.*, 805 So. 2d 932, 935 (Fla. 2d DCA 2001)). The Court allowed Fintech the opportunity to file a renewed motion by August 17, 2020, "identifying with reasonable particularity the specific trade secrets for which Fintech requests an injunction." (Doc. 279, p.4). Fintech did not timely renew its motion for permanent injunction by the deadline imposed by the Court. Instead, after the close of business on August 20, 2020, Fintech filed a motion for an extension of time to file its renewed motion for permanent injunction (Doc. 280), which iControl opposed (Doc. 281). On August 25, 2020, this Court granted Fintech leave to file a renewed motion for a permanent injunction "[n]o later than August 26, 2020." (Doc. 283, p. 1). The Court also held that Fintech's motion "must demonstrate 'excusable neglect' for the failure to timely move."

iControl can continue operating its regulated commerce business, iControl anticipates that the Letter of Credit can be issued within five business days.

In the Verified Statement, iControl also summarized the broad scope of the financial information it provided to Fintech in response to Fintech's discovery in aid of execution.[2]

### The Court Should Grant a Temporary Stay of Execution Pending Disposition of Fintech's Renewed Motion for a Permanent Injunction

Federal Rule of Civil Procedure "62(a) expressly recognizes" the Court's authority to "supersede" the 30-day automatic stay "by ordering a stay that lasts longer." Fed. R. Civ. P. 62, (Advisory Committee Note on 2018 Amendments). Rule 62(b) separately provides that "at any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Under Rule 62, iControl would be entitled to a stay under Rule 62(b) if it could provide a bond or other comparable security. iControl has been working diligently to obtain such security.

Even without a bond, the Court has discretion under Rule 62(a) to extend the automatic 30-day stay as requested by this Motion. *See United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1325 (M.D. Fla. 2011) (Merryday, J.) ("[I]f the judgment debtor posts no bond, whether to grant a stay is a matter 'strictly within the judge's discretion.'"); *Whitesell Corp. v. Electrolux Home Prods., Inc.*, 2019 WL 2448665, at *2 (S.D. Ga. June 10, 2019) ("A district court certainly has the inherent discretionary authority ... to waive the bond requirement.").

It is appropriate to stay the execution of a judgment "in cases deemed 'extraordinary,' such as where defendants who face extremely large monetary judgments are unable to secure a supersedeas

---

[2] In its status report on iControl's discovery in aid of execution, Fintech incorrectly suggests that iControl did not provide sufficient information regarding its income, property valued over $1,000, indebtedness, third party transfers, assets and transactions. In fact, iControl provided extensive and detailed financial information in the areas identified by Fintech including (1) annual income statements and its general ledger detail covering the time period of 2015 through September 2020; (2) its current fixed asset detail showing iControl's present assets; (3) bank account detail and balances; (4) information regarding iControl's lending arrangement with Goldman Sachs; and (5) debt schedules and trade payable schedules sufficient to show iControl's present liabilities.

3

bond." *Columbia Cas. Co. v. Ker, Inc.*, 2009 WL 10673292, at *1 (M.D. Fla. Sept. 23, 2009). In this case, extraordinary circumstances, including Fintech's repeated, inappropriate requests for an overbroad injunction, have impeded iControl's efforts to secure a bond quickly. iControl nonetheless expects it will be able to finalize the matter within five business days if the Court denies Fintech's renewed motion for injunctive relief (either on the merits or because of Fintech's failure to demonstrate excusable neglect).

The balance of equities here strongly favors a brief stay. Even in the case of a stay pending appeal, a court may stay a judgment without a bond "if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Again, iControl is not seeking a full stay pending appeal without a bond. Rather, iControl seeks a brief, five-business-day stay of execution to obtain a bond or other security following the Court's resolution of Fintech's renewed request for injunctive relief. Fintech will not be materially prejudiced by a short stay of execution. As promised, iControl provided detailed financial information in response to Fintech's post-judgment discovery. iControl, on the other hand, will be irreparably harmed absent a stay. (*See* Doc. 260 at 2-3). Allowing Fintech to execute on the $5.7 million judgment, without allowing iControl a brief extension to secure a bond or equivalent security, would also be inequitable because Fintech's continued improper request for an overly broad injunction is the impediment to iControl's obtaining such security.

### Fintech Should Not Be Permitted To Execute on the Judgment While Its Request for Injunctive Relief Remains Pending

There is an additional reason for extending the stay: The Eleventh Circuit recently suggested that the judgment Fintech seeks to execute may have been entered prematurely. On March 5, 2020, this Court directed the clerk to "enter judgment" on the verdict and "close the

4

case," while stating that "[j]urisdiction is retained" to resolve Fintech's request for a permanent injunction. (Doc. 250 at 1–2). The clerk entered judgment in accordance with that order (Doc. 251), and iControl appealed that judgment (Doc. 287). It is that March 5 judgment on which Fintech is currently seeking to execute. However, on October 1, 2020, the Eleventh Circuit noted that "it appears [the court of appeals] may lack jurisdiction" and directed the parties to address whether this Court had entered a proper final judgment.

After examining the issue, both iControl and Fintech agreed in their responses to the Eleventh Circuit that this Court could not enter final judgment while Fintech's request for a permanent injunction remained pending. Unlike costs and attorney's fees, which are collateral to the merits of a case, a request for injunctive relief is not collateral to the merits and must be resolved *before* a district court may enter judgment. *See, e.g.*, *Bell v. Taylor*, 791 F.3d 745, 746 (7th Cir. 2015) ("Although the [district] court purported to issue a 'final judgment' … , it did so in error; the issue of injunctive relief was never adjudicated."); *see also Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1541 (10th Cir. 1996).

Because this Court had not completely resolved the merits of Fintech's claim on March 5, 2020—and because the Court did not invoke (and could not properly have invoked) Rule 54(b), which allows the entry of partial final judgments in limited circumstances—the Federal Rules of Civil Procedure did not authorize the Court to enter an executable judgment at that time. *See, e.g.*, *Cohen v. Bd. of Trs. of Univ. of Med. & Dentistry*, 867 F.2d 1455, 1467 (3d Cir. 1989) (in an action for money damages, "no writ of execution [can] issue" absent a final, appealable judgment).

Fintech has taken the position that Florida law allowed the Court to enter a non-final, executable judgment, but that is incorrect. Florida law may govern the *execution* of a judgment once entered by this Court, but only the Federal Rules govern *when* the Court may enter judgment.

5


*See* Fed. R. Civ. P. 54, 58. And "nothing in the Rules permits a trial court to render a final judgment for a claimant on a portion of a single claim, with execution to issue; and it is error for the trial court to do so." *In re Air Crash Disaster Near Warsaw, Poland on May 9, 1987*, 979 F. Supp. 164, 167 (E.D.N.Y. 1997) (internal quotation marks omitted); *see also Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 71 (2d Cir. 1973) (Friendly, J.) ("a judgment which in reality [is] non-final but under which the defendant [is] facing execution" should be vacated).

The Eleventh Circuit has yet to rule on the jurisdictional issue. Respectfully, however, in light of the questions raised by the Eleventh Circuit and iControl's and Fintech's responses to those questions, it appears that this Court lacked authority to enter a final, executable judgment without resolving Fintech's request for a permanent injunction. It would therefore be improper and inequitable to permit execution while Fintech's request for injunctive relief remains pending.

## Conclusion

iControl asks that the Court grant this motion and enter a stay of execution of the judgment for five business days after the Court disposes of Fintech's renewed motion for permanent injunction, either by denying Fintech's request to file that motion out-of-time or by deciding the motion on the merits.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I certify that counsel for the parties engaged in good faith communications by telephone and in writing in an attempt to resolve the issues presented in this Motion. Despite the good faith communications, the parties were unable to resolve their conflicting positions.

| | |
|---|---|
| | /s/ Jonathan B. Sbar |
| Jeffrey S. Bucholtz (*Pro Hac Vice*) | Jonathan B. Sbar, Esq. (FBN 131016) |
| Email: jbucholtz@kslaw.com | Email:  jsbar@rmslegal.com |
| Paul Alessio Mezzina (*Pro Hac Vice*) | Robert L. Rocke, Esq. (FBN 710342) |
| Email: pmezzina@kslaw.com | Email:  rrocke@rmslegal.com |
| KING & SPALDING LLP | Andrea K. Holder, Esq. (FBN 104756) |
| 1700 Pennsylvania Ave. NW, Suite 200 | Email: aholder@rmslegal.com |
| Washington, D.C.  20006 | ROCKE, McLEAN & SBAR, P.A. |
| Phone: 202-626-2907 | 2309 S. MacDill Avenue |
| | Tampa, FL  33629 |
| | Phone: 813-769-5600 |

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished via electronic mail, on the 27th day of October, 2020, to the following:

Richard C. McCrea, Jr., Esq. (FBN 351539)
Catherine H. Molloy, Esq. (FBN 33500)
Greenberg Traurig, P.A.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL  33602
Phone:  813-318-5700
Fax:      813-318-5900
Email:  mccrear@gtlaw.com
Email:  molloyk@gtlaw.com
Attorneys for Plaintiff

    /s/ Jonathan B. Sbar
    Attorney

7