UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                                   CASE NO. 8:17-cv-190-T-23SPF

ICONTROL SYSTEMS, USA, LLC,

    Defendant.
_____/

**ORDER**

After trial of Fintech's claim under the Florida Uniform Trade Secrets Act, the jury returned a verdict (Doc. 245) finding that iControl willfully and maliciously misappropriated Fintech's trade secrets. Fintech moves (Doc. 284) for a permanent injunction, which iControl opposes (Doc. 285).[1]

The Florida Uniform Trade Secrets Act authorizes enjoining specific, identifiable trade secrets but authorizes no blanket restraint of competition. Fla. Stat. § 688.003; *Norton v. Am. LED Tech., Inc.*, 245 So. 3d 968, 969 (Fla. 1st DCA 2018) ("UTSA may not be used as a vehicle to restrict competition."). To avoid unduly restraining competition, an injunction must narrowly tailor the prohibited

---

[1] Despite iControl's argument otherwise (Doc. 285 at 3-6), Fintech barely, if at all, demonstrates "excusable neglect" explaining the untimely submission of the renewed motion for a permanent injunction. (Doc. 284 at 1-7)

conduct "to fit the specific legal violations adjudged" and to "restrain no more than what is reasonably required to accomplish its ends." *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003) (citing another source). iControl persuasively argues that Fintech's proposed injunction sweeps too broadly and promotes confusion about the nature of Fintech's trade secrets. *LabMD, Inc. v. Fed. Trade Comm'n*, 894 F.3d 1221, 1235 (11th Cir. 2018) (holding that injunction terms must "prevent uncertainty and confusion on the part of those faced with injunctive orders … to avoid the possible founding of a contempt citation on a decree too vague to be understood.").

Even if Fintech could identify with reasonable particularity the specific trade secrets warranting protection, a trade secret injunction is limited by "the time necessary to protect the plaintiff from any harm attributable to the appropriation and to deprive the defendant of any economic advantage attributable to the appropriation." RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 44 (1995). In other words, a trade-secrets injunction should help "to negate the advantage the misappropriator would otherwise obtain by forgoing independent development." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1266 (3d Cir. 1985); RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 44, cmt. f (1995) ("[I]njunctive relief should ordinarily continue only until the defendant could have acquired the information by proper means …. More extensive injunctive relief undermines the public interest by restraining legitimate competition."). Fintech's expert, Ivan Zatkovich, admits that

with time iControl "certainly" could have developed the "specific functionality" Fintech claims as a trade secret.  (Feb. 26, 2020 Trial Tr. 163-164)  A permanent injunction is unwarranted and improper.  Any misappropriation by iControl occurred more than five years ago (Doc. 1 at 8-14), and nothing offered by Fintech establishes, contrary to Fintech's expert, that iControl could not independently have developed between then and now any trade secret then acquired from Fintech. *Concept, Inc. v. Thermotemp, Inc.*, 553 So. 2d 1325, 1328 (Fla. 2d DCA 1989) (citing cases discussing the usefulness of "headstart injunctions" and allowing the trial court to determine the length, if at all, of a trade secrets injunction).

For these reasons, and those argued by iControl, Fintech's motion for a permanent injunction is **DENIED**.

ORDERED in Tampa, Florida, on October 30, 2020.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE