**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FINANCIAL INFORMATION**
**TECHNOLOGIES, LLC,**

     **Plaintiff,**

**v.**                          **CASE NO. 8:17-cv-00190-T-23MAP**

**ICONTROL SYSTEMS, USA, LLC,**

     **Defendant.**

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S VERIFIED EXPEDITED MOTION TO POST**
**AN EQUIVALENT SECURITY IN LIEU OF A BOND TO STAY EXECUTION**

     Plaintiff Financial Information Technologies, LLC ("Fintech"), by and through its undersigned counsel, hereby responds in opposition to the Verified Expedited Motion to Post an Equivalent Security in Lieu of a Bond to Stay Execution ("Stay Motion") filed by Defendant iControl Systems, USA, LLC's ("iControl"). [Doc. 300]. Because iControl fails to justify a departure from its default obligation to deposit a full security supersedeas bond, this Court should (i) deny the Stay Motion and (ii) require iControl to deposit a $6,270,000 supersedeas bond within ten days from the date of the Court's order to stay execution.

**I.**

**PRELIMINARY STATEMENT**

     After three years of litigation and a six-day jury trial, Fintech secured a $5,700,000 money judgment against iControl over eight months ago. [Doc. 251]. To

delay Fintech's execution on the judgment, iControl sought a temporary stay until after this Court resolved Fintech's then-pending post-verdict motion for a permanent injunction.  [Doc. 286].  iControl argued that its "lender was reluctant to underwrite a bond while Fintech's … motion for a permanent injunction was pending" because Fintech's request "was so broad in scope that it would have significantly affected the value of the company."  [Doc. 286 at 3].  iControl also asked the Court to determine, pursuant to Federal Rule of Civil Procedure 62, "the amount of the bond or other security so that [it could] finalize its negotiations with its lender immediately following resolution of Fintech's" motion.  [Doc. 286 at 5].

The Court entered a temporary stay "to facilitate iControl's acquisition of a bond" and ruled that iControl could secure a stay of execution under Rule 62 "by depositing with the clerk a $6,270,000 bond or equivalent security."  [Doc. 91 at 3, 4].  Upon iControl's extension request, in which iControl represented that its investor remained "unwilling to provide the necessary financing" in the form of a letter of credit "while Fintech's [injunction] request … remain[ed] pending" [Doc. 295 at 2], the Court continued the temporary stay of execution through November 6, 2020.  [Doc. 296].  Ultimately, the Court denied Fintech's motion for permanent injunction on October 30, 2020.  [Doc. 298].

In response, iControl filed the Stay Motion on November 5, 2020.  [Doc. 300].  iControl seeks to post "an irrevocable letter of credit" for $6,270,000 (the "LOC") as "equivalent security," in lieu of posting a supersedeas bond, to stay execution of Fintech's money judgment pursuant to Rule 62(b).  [Doc. 300 at 1].  iControl does

not state that it lacks the financial resources to obtain, or that its lender refuses to issue, a $6,270,000 supersedeas bond after Fintech's injunction motion was resolved in iControl's favor.  Nor does iControl ask this Court for a brief extension of the temporary stay to obtain a full supersedeas bond.

Instead, the only reason iControl supplies for "seek[ing] to protect Fintech with a LOC instead of a bond," on what it represents to be "extremely short notice," is that "a bond is much more costly given the size of the judgment."  [Doc. 300 at 5, 6].  iControl, which has been protected against Fintech executing on a $5,700,000 money judgment since March 2020, claims it has the option as judgment debtor "to deploy its funds to rebuild its business as opposed to having them tied up in bond during the pendency of the appeal."  [Doc. 300 at 6].

Fintech opposed iControl's request.  The Court then ordered Fintech to file a response because iControl's LOC "appears facially adequate to protect Fintech's judgment."  [Doc. 301].  This response follows.

A supersedeas bond is the standard form of security that Rule 62(b) contemplates.  iControl's desire to avoid the transactional expenses associated with posting a supersedeas bond does not overcome the presumption in favor of a full supersedeas bond that will protect Fintech's interest in its money judgment during the pendency of iControl's appeal.  Accordingly, Fintech requests the Court to deny the Stay Motion and provide iControl with ten days from the date of the Court's order to post a $6,270,000 supersedeas bond to stay execution.

II.

## ARGUMENT

**A.      iControl Fails to Demonstrate that the LOC Is an Adequate Substitute for a Full Supersedeas Bond Required by Rule 62(b)**

Rule 62(b) governs a judgment debtor's request to stay execution of a judgment entered against it during the pendency of an appeal.  Rule 62(b) provides:

> (b) **Stay by Bond or Other Security.**  At any time after judgment is entered, a party may obtain a stay by providing a bond or other security.  The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b).  "The usual requirement" under this provision "is that a party seeking a stay pending appeal post a full security supersedeas bond."  *S.E.C. v. Yun*, 208 F. Supp. 2d 1279, 1282 (M.D. Fla. 2002); *accord XY, LLC v. Trans Ova Genetics, LC*, 2016 WL 9734948, at *2 (D. Colo. July 27, 2016) (noting that "a full bond is still the rule, not the exception").  "[A] supersedeas bond is the standard form of security," *Klingenberg v. Vulcan Ladder USA, LLC*, 2017 WL 4836313, at *1 (N.D. Iowa Oct. 25, 2017) (citation omitted), because "[t]he posting of a bond protects the prevailing plaintiff from the risk of a later uncollectable judgment and compensates [the plaintiff] for delay in the entry of final judgment."  *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1324 (M.D. Fla. 2011) (Merryday, J.) (citation omitted).

"If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure."  *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart,*

*Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *accord O'Callaghan*, 805 F. Supp. 2d at 1324-25 (same).  "Entering a stay without a bond is an 'extraordinary remedy that requires extraordinary circumstances to justify.'" *Ctr. for Individual Rights v. Chevaldina*, 2019 WL 7370412, at *1 (S.D. Fla. Oct. 29, 2019) (King, J.) (*quoting Suntrust Bank v. Ruiz*, 2015 WL 11216713, at *2 (S.D. Fla. Nov. 6, 2015)).

Fintech does not dispute that "[t]he decision to permit an irrevocable line of credit to serve as security in lieu of a supersedeas bond resides in the sound discretion of the district court."  *Crowley v. Chait*, No. 85-2441, 2005 WL 8165118, at *1 (D.N.J. Sept. 23, 2005); *accord Poplar Grove*, 600 F.2d at 1191 (court has "discretion to fashion some other arrangement for substitute security … which would furnish equal protection to the judgment creditor").  However, the district court's discretion in this regard is not boundless, as iControl suggests.  Rather, the court's discretion is circumscribed by the requirement that "the judgment debtor bears the burden of showing the impossibility or impracticability of posting a full bond." *Crowley*, 2005 WL 8165118, at *1; *accord McDonnell v. Engine Distribs.*, 2007 WL 9797540, at *2 (D.N.J. Oct. 31, 2007) (allowing "a letter of credit to serve as security in lieu of a supersedeas bond" requires "the judgment debtor [to] demonstrate impossibility or impracticability of posting a full bond"); *Ryan v. Asbestos Workers Union Local 42 Pension Fund*, 2002 WL 87470, at *1 (D. Del. Jan. 22, 2002) ("It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical.").

In applying this principle, numerous district courts have refused to approve an

5

irrevocable letter of credit as a bond substitute that stays execution where the judgment debtor fails to provide a compelling justification to depart from the usual requirement under Rule 62(b) of posting a full supersedeas bond.  *E.g.*, *Howard Town Ctr. Developer v. Howard Univ.*, 288 F. Supp. 3d 11, 13-15 (D.D.C. 2017) (rejecting judgment debtor's request to post an irrevocable line of credit in lieu of bond because movant did not carry "its burden of objectively demonstrating reasons for granting a stay without the usual requirement of a full supersedeas bond"); *Arriaga v. Jess Enters.*, 2014 WL 1875917, at *3-4 (N.D. Tex. Apr. 10, 2014) (same); *S. Wine & Spirits of Nev. v. Mountain Valley Spring Co.*, 2010 WL 11512359, at *2 (W.D. Ark. Jan. 28, 2010) (denying motion to stay supported by letter of credit where movant failed satisfy burden to demonstrate basis for posting bond substitute); *Slaby v. Berndt*, 2007 WL 5517473, at *5 (W.D. Wis. Apr. 5, 2007) (denying judgment debtor's motion to stay based on irrevocable letter of credit where debtor failed "to justify why a bond should not be required as provided in the Rule"), *aff'd*, 258 Fed. Appx. 316 (Fed. Cir. 2007); *McDonnell*, 2007 WL 9797540 at *1-2 (denying judgment debtor's stay motion supported by irrevocable letter of credit where movant "demonstrated no extraordinary circumstances that warrant a departure from the bond requirement"); *Crowley*, 2005 WL 8165118 at *1 (denying judgment debtor's motion for approval of irrevocable letter of credit as appropriate security based on failure to satisfy burden); *Evolution, Inc. v. Sun Trust Bank*, 2005 WL 1041348, at *1 (D. Kan. Jan. 10, 2005) (denying motion to stay based on filing "irrevocable standby letter of credit" for amount of judgment plus 25% where judgment debtor took "no

steps to assert or demonstrate good cause" for bond substitute "and defendants [were] unwilling to accept letter of credit in lieu of supersedeas bond").

iControl also fails to satisfy this heavy burden here. The *only* justification iControl provides to support its request for posting the LOC in lieu of a full supersedeas bond is cost savings [Doc. 300 at 5-6], but this justification is legally deficient.    As numerous courts recognize, iControl's "simple desire to avoid transactional expenses associated with bonding" does not "overcome the presumption in favor of a full supersedeas bond." *XY, LLC*, 2016 WL 9734948 at *2; *see also Howard*, 288 F. Supp. 3d at 13 (rejecting argument that savings on "price differential between a supersedeas bond and [judgment debtor's] proposed letter of credit" is "reason to depart from the norm"); *Arriaga*, 2014 WL 1875917 at *3-4 (refusing to permit irrevocable line of credit as bond substitute where judgment debtor argued that line of credit would "avoid unnecessary fees and premiums associated with bond procurement while assuring the same level of judgment security"); *Slaby*, 2007 WL 5517473 at *5 (although "defendants were able to obtain the letter of credit for a lower cost than the cost of a bond, … mere cost savings to the [defendants] is not a particularly persuasive factor"); *Crowley*, 2005 WL 8165118 at *2 (finding that judgment debtor had "shown no compelling reason why its general desire to avoid incurring the expense of giving a supersedeas bond should take precedence over Plaintiff's specific concerns regarding the security and payment of its judgment").  This policy makes sense because bond-related "transactional costs have always been present, [and] a full bond is still the rule, not the exception." *XY,*

*LLC*, 2016 WL 9734948 at *2.

iControl ignores the courts' consensus on this issue and says "[n]umerous courts have accepted a letter of credit in lieu of a supersedeas bond." [Doc. 300 at 3]. The cases iControl cites do not adopt the blanket principle iControl endorses. To the contrary, one of the cases in fact *denied* a motion that sought the very same relief iControl seeks here – approval of an irrevocable letter of credit as a bond substitute based on the judgment debtor's "general desire to avoid incurring the expense of giving a supersedeas bond." *Crowley*, 2005 WL 8165118 at *2. In another case, the plaintiff – unlike Fintech – "agree[d] to [the] form" of the defendant's letter of credit. *Barfield v. Sho-Me Power Elec. Co-op.*, 2015 WL 4159988, at *6 (W.D. Mo. July 9, 2015). And in the remaining cases, courts either confronted facts materially distinguishable from the circumstances present here or did not address the inadequacy of a cost-savings justification at all. *E.g.*, *Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 175-79 (2d Cir. 1975) (addressing unrelated issue of whether district court properly awarded costs to judgment debtor for posting security after successful appeal, but propriety of security measure that court fashioned pre-appeal to stay $145 million judgment based on its "unprecedented size" was not challenged on appeal); *Wichansky v. Zowine*, 2016 WL 3345481, at *4 (D. Ariz. June 16, 2016) (permitting posting of bond/letter-of-credit combination, but only as an "interim" measure to stay execution during pendency of post-trial motions that court did not "view[] as a final decision on the appropriate security for this case"); *Lindquist Ford, Inc. v. Middleton Motors, Inc.*,

2008 WL 4690515, at *1 (W.D. Wis. Mar. 8, 2008) (permitting letter of credit in low amount of $200,000, but not commenting on judgment debtor's justification for requesting bond substitute); *Gaus v. Conair Corp.*, 2003 WL 542652, at *2 (S.D.N.Y. Feb. 14, 2003) (permitting letter of credit where judgment debtor demonstrated great "financial strength" and was directed to provide "monthly unaudited financial statements and quarterly unaudited financial statements and certifications"); *Bishop v. Mid-Am. Auto Auction, Inc.*, 1993 WL 169116, at *1 (D. Kan. Apr. 26, 1993) (permitting letter of credit for low value of $318,750, in addition to directing judgment debtor "to monitor the quarterly reports of the [lender]" and provide notice to court if concerns arise).

Because the cases iControl cites do not aid this Court in the proper application of Rule 62(b), iControl's apparent fallback for posting the LOC as a bond substitute is what it describes as the "extremely short notice" it had to secure financing after Fintech's permanent injunction motion was denied. [Doc. 300 at 6]. The problem with this position is twofold. First, iControl had eight months to secure a full supersedeas bond based on the assumption that Fintech's permanent injunction motion would be denied. Second, and more critically, iControl does not represent that it requested its lender to provide, or that it was financially unable to obtain, a bond after Fintech's injunction motion was resolved in iControl's favor.[1] Indeed, iControl has not even requested an extension of the Court's temporary stay

---

[1] Likewise, iControl never once attempts to establish other permissible grounds for waiving the bond requirement, including that (1) its "ability to pay the judgment is so plain that the cost of the bond would be a waste of money" or (2) "the bond requirement would put [iControl's] other creditors in undue jeopardy." *Fed. Trade Comm'n v. HES Merch. Servs. Co.*, 2017 WL 7371185, at *1 (M.D. Fla. Jan. 31, 2017), *report and recommendation adopted*, 2017 WL 1101306 (M.D. Fla. Mar. 24, 2017).

to secure such a bond.

If, as iControl explains, timing is now the issue, Fintech does not oppose a brief extension of the Court's temporary stay, up to and including ten days from the date of the Court's order on the Stay Motion, for iControl to post a full supersedeas bond in the amount of $6,270,000.  At this juncture, and after prevailing on Fintech's permanent injunction motion, iControl has offered no legally permissible justification to exempt the company from complying with its general obligation to post a full bond to stay execution of Fintech's money judgment.  Accordingly, the Stay Motion should be denied, and iControl should be required to post a full supersedeas bond in the amount of $6,270,000 to stay execution.

**B.     Fintech's Concerns About iControl's Potential Bankruptcy Are Well Taken**

iControl improperly dismisses Fintech's concern that the LOC would not protect Fintech to the same extent as a bond if iControl filed for bankruptcy.  On the one hand, iControl represents that it "has no plan to file for bankruptcy."  [Doc. 300 at 4].  On the other hand, iControl acknowledges that is has undergone "significant disruptions to its business," which it needs "to rebuild."  [Doc. 300 at 5-6].  Based on iControl's representation about the status of its business operations, Fintech cannot merely accept, as established fact, iControl's self-serving prediction that the company will not file for bankruptcy.  The purpose of iControl's obligation to post a bond is to mollify Fintech's precise concern on this point.  *See O'Callaghan*, 805 F. Supp. 2d at 1324 (recognizing that "posting of a bond protects the prevailing plaintiff from the risk of a later uncollectable judgment" (citation omitted)).

iControl alternatively argues that even assuming it filed for bankruptcy, "a bankruptcy filing … would have no impact on Fintech's security in the event it prevails on appeal." [Doc. 300 at 5]. iControl cites cases that stand for the proposition that the proceeds of the letter of credit are not property of the bankruptcy debtor's estate. *E.g.*, *In re Air Conditioning, Inc. of Stuart*, 845 F.2d 293, 296 (11th Cir. 1988); *In re Milford Group, Inc.*, 197 B.R. 31, 32 (Bankr. M.D. Pa. 1996). However, it is unclear from the face of the LOC whether iControl's lender would be restricted in issuing funds to Fintech, upon Fintech's demand, in the event iControl ever filed for bankruptcy. *See* [Doc. 300-1]. This uncertainty does not assure Fintech that its interest in the monetary judgment entered against iControl is sufficiently protected.

**C.    If The Court Determines That The LOC Is A Suitable Bond Substitute, The Stay Should Be Limited To The Duration Of The LOC**

By its terms, the LOC is time limited, at the lender's discretion. Specifically, the LOC terms indicate that it only remains "valid until one year from issue date and shall thereafter automatically extend for successive one-year periods unless at least 60 days before the then-current expiration date [the lender] notif[ies] you in writing that [it] elect[s] not to extend this standby." [Doc. 300-1 at 1]. Appeals generally take longer than a year – and could take longer than two years – to resolve. If the lender chooses to unilaterally exercise its option not to extend the LOC, then, depending on status of the appeal, nothing may remain to secure Fintech's interest in the money judgment.

In the event the Court grants iControl's request, and permits the LOC to serve

as a sufficient bond substitute to stay Fintech's execution on the judgment, Fintech respectfully requests the Court to condition the stay based on the LOC's duration. If the lender elects not to extend the LOC while the appeal remains pending, and iControl has not put in place new security, consistent with Rule 62(b), to secure the Fintech's money judgment before the LOC expires, then the Court should condition the stay to allow Fintech to collect on the existing LOC.

### III.

### CONCLUSION

For the foregoing reasons, this Court should (i) deny the Stay Motion and (ii) require iControl to deposit a $6,270,000 supersedeas bond within ten days from the date of the Court's order to stay execution. If the Court grants the Stay Motion, the Court should condition the stay on Fintech's ability to collect on the existing LOC in the event the lender does not renew the LOC, iControl's appeal remains pending, and iControl has not obtained a new form of security, consistent with Rule 62(b).

Dated: November 11, 2020.

Respectfully submitted,

/s/ Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email:  mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Boulevard
Suite 1900
Tampa, Florida  33602

Telephone: (813) 318-5700
Facsimile:  (813) 318-5900
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on November 11, 2020, I electronically filed the foregoing with the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Robert L. Rocke, Esq.
rrocke@rmslegal.com
Jonathan B. Sbar, Esq.
jsbar@rmslegal.com
Andrea K. Holder, Esq.
aholder@rmslegal.com
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, Florida 33629

Jeffrey S. Bucholtz (*Pro Hac Vice*)
Paul Alessio Mezzina (*Pro Hac Vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW, Suite 200
Washington, DC 20006

/s/ Catherine H. Molloy
Attorney