UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                                    CASE NO. 8:17-cv-190-T-23SPF

ICONTROL SYSTEMS, USA, LLC,

    Defendant.
_____/

## **ORDER**

A September 15, 2020 order allows iControl to secure a stay under Rule 62, Federal Rules of Civil Procedure, "by depositing with the clerk a $6,270,000 bond or equivalent security." (Doc. 291) In lieu of a bond, iControl moves (Doc. 300) for approval of an irrevocable letter of credit (Doc. 300-1) for $6,270,000. iControl prefers a letter of credit because "a bond is much more costly," and iControl "needs to deploy its funds to rebuild its business as opposed to having them tied up in a bond during the pendency of the appeal." (Doc. 300 at 5–6) Opposing the letter of credit, Fintech argues that iControl "fails to demonstrate that the [letter of credit] is an adequate substitute for a full supersedeas bond." (Doc. 302 at 4–10) Further, Fintech argues that the letter of credit "would not protect Fintech to the same extent as a bond if iControl filed for bankruptcy." (Doc. 302 at 10–11)

Under Rule 62, "a court has discretion to allow alternative forms of security other than a bond, when adequate security is provided and the appealing party can show that the judgment creditor's recovery is not in jeopardy." 12 Moore's Federal Practice, Civil § 62.03 (2020). If facing an "undue financial burden," a judgment debtor can supply alternative security that "would furnish equal protection to the judgment creditor." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *Columbia Cas. Co. v. Ker, Inc.*, 2009 WL 10673292, at *1 (M.D. Fla. 2009) (Antoon, J.) (describing the discretion to approve an alternative security if a defendant faces an extremely large money judgment but cannot secure a surety's bond).

The formidable size of Fintech's judgment commends flexibility in allowing an alternative security. iControl may offer an unconditional letter of credit, which "serve[s] much the same purpose as other security devices." 1 Williston on Contracts § 2:23 (4th ed.). Even in bankruptcy, a letter of credit obligates an issuer (in this action, Fifth Third Bank) to tender funds to a beneficiary (Fintech). *Resolution Tr. Corp. v. United Tr. Fund, Inc.*, 57 F.3d 1025, 1030 (11th Cir. 1995) (holding that a letter of credit creates an independent contract between an issuer and a beneficiary); *In re Air Conditioning, Inc. of Stuart,* 845 F.2d 293, 296 (11th Cir. 1988). In short, if Fintech prevails on appeal, a letter of credit entitles Fintech to easily satisfy the judgment.

Although iControl may offer a letter of credit, Fintech persuasively argues that iControl's proposed letter of credit limits — at the issuer's discretion — the duration of the letter. (Doc. 302 at 11–12) The letter of credit remains "valid until one year from issue date" and can expire if the issuer "elect[s] not to extend." (Doc. 300-1 at 1) Because an appeal can last longer than a year, iControl's proposed letter of credit fails to adequately secure Fintech. *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1326 (M.D. Fla. 2011) (Merryday, J.) (describing how a stay pending appeal should "protect the judgment creditor's position from erosion"); *Advanced Estimating Sys., Inc. v. Riney*, 171 F.R.D. 327, 328 (S.D. Fla. 1997) (Ryskamp, J.) (rejecting an alternate security of "uncertain value").

iControl's motion (Doc. 300) is **DENIED WITHOUT PREJUDICE**. iControl may obtain a stay under Rule 62 by depositing with the clerk an unconditional letter of credit that will remain valid for at least seven days after receipt by the district court of the mandate of the circuit court of appeals. To afford iControl time to secure a revised letter of credit (or a surety's bond), execution and levy are **STAYED** through **DECEMBER 4, 2020**.

ORDERED in Tampa, Florida, on November 13, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE