UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, LLC

       Plaintiff,                     Case No.:  8:17-cv-00190-T-23MAP

vs.

ICONTROL SYSTEMS, USA, LLC,

       Defendant.

_____/

**ICONTROL'S UNOPPOSED MOTION TO DEFER RULING ON THE PENDING
MOTIONS FOR ATTORNEYS' FEES AND EXPENSES (DOC. NOS. 255 & 256)
PENDING RESOLUTION OF THE APPEAL OR ALTERNATIVE OPPOSED MOTION
TO FILE SUPPLEMENTAL ARGUMENT ON THE FEE ISSUES**

       Defendant, iControl Systems USA, LLC ("iControl") files this Unopposed Motion to Defer

Ruling on the Pending Motions for Attorneys' Fees and Expenses (Doc. Nos. 255 & 256) Pending

Resolution of the Appeal, or Alternative Opposed Motion to File Supplemental Argument on the

Fee Issue, pursuant to Middle District of Florida Local Rule 3.01(d), and states as follows:

       The Plaintiff, Financial Information Technologies, LLC ("Fintech") originally asserted

eight separate counts against iControl.  iControl won summary judgment on counts 3, 6, 7, and 8

and as to a portion of counts 1 and 2 (Doc. No. 251).  Fintech dismissed counts 1, 4 and 5 on the

first day of trial.  The jury found in favor of Fintech on count 2, its only claim (Doc. No. 245).

Post-trial, iControl moved for a new trial on liability and for judgment as a matter of law on

damages.  (Doc. No. 269).  Fintech moved for a permanent injunction, which iControl opposed.

(Doc. Nos. 249, 252).  While those motions were pending, on March 19, 2020, both parties filed

motions for an award of attorneys' fees and costs.  (Doc. Nos. 255, 256).

On August 10, 2020, the Court denied iControl's post-trial motions and denied Fintech's motion for a permanent injunction without prejudice, permitting Fintech to re-file its motion, "which motion must identify with reasonable specificity the trade secrets for which Fintech demands an injunction." (Doc. No. 279). The Court also referred the motions for attorneys' fees and the resolution of the objections as to each party's proposed costs to Magistrate Judge Sean P. Flynn for a report and recommendation. (Doc. No. 279).

On October 30, 2020, the Court entered its Order denying Plaintiff's Motion for Permanent Injunction (Doc. No. 298). The injunction was central to the relief sought by the Plaintiff, and so the fact that Plaintiff did not obtain any injunctive relief is highly significant in evaluating the parties' respective entitlements to fees and costs. At the time fee motions were made, eight months ago, there was no ruling on Plaintiff's request for a permanent injunction, so the parties have not had any previous opportunity to brief this issue.

iControl has filed an appeal challenging the denial of its post-trial motions, and Fintech has filed a cross-appeal challenging the denial of its request for a permanent injunction. Both appeals are currently pending in the Eleventh Circuit (Nos. 20-13368 and 20-14325).

## LEGAL ARGUMENT

Even though the Court has jurisdiction to consider the pending motions for attorneys' fees and costs now, the Court has discretion to defer its ruling on the pending motions for attorneys' fees until after the appeal has concluded. *Universal Physician Servs., LLC v. Del Zotto*, No. 8:16-CV-1274-T-36JSS, 2020 WL 888604, at *1 (M.D. Fla. Feb. 4, 2020), *report and recommendation adopted*, No. 8:16-CV-1274-T-36JSS, 2020 WL 886867 (M.D. Fla. Feb. 24, 2020) (citing Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment (providing that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new

period for filing after the appeal has been resolved"); *see also American Infoage, LLC v. Regions Bank*, No. 8:13-CV-1533-T-23JSS, 2015 WL 5915969, at \*2 (M.D. Fla. Oct. 8, 2015) (denying the pending motion without prejudice to re-filing after the entry of the mandate by the court of appeals); *The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-CV-39-FTM-38CM, 2014 WL 1174355, at \*1 (M.D. Fla. Mar. 21, 2014) (denying motion for attorney's fees without prejudice and with leave to re-file after entry of appellate court's mandate); *S.- Owners Ins. Co. v. Wall 2 Walls Const., LLC*, No. 8:12-CV-1922-T-33TBM, 2013 WL 6893254, at \*1 (M.D. Fla. Dec. 31, 2013) (same).

In this case, the ends of justice would be better served by deferring any ruling on the fees motions until after the conclusion of the appeal.  The Eleventh Circuit's rulings on appeal may change which party is the prevailing party on particular claims and issues, and thus may further alter the parties' respective entitlements to fees and costs.  If the Court proceeds to resolve the pending fee motions while the case is on appeal, it will be required to repeat the procedure following the appeal.  *Universal Physician Servs.*, 2020 WL 888604 at \*2 (citing *Bowers v. Universal City Dev. Partners, Ltd.*, No. 6:03–cv–985–ORL–18JGG, 2005 WL 1243745, at \*2 (M.D. Fla. May 19, 2005).

Alternatively, if the Court declines to defer its ruling on the pending fee motions, iControl seeks leave to file supplemental briefing on the fee motions based on the Court's ruling denying Fintech's Motion for Permanent Injunction.

Local Rule 3.01(d) provides:

A motion requesting leave to file either a motion in excess of twenty-five (25) pages, a response in excess of twenty (20) pages, or a reply or **further memorandum** shall not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed motion, response, reply, or other paper.

3

WHEREFORE, iControl respectfully requests the entry of an Order either defering consideration of the pending fee motions until after the appeal is resolved, or alternatively, because the injunction was central to Fintech's case, affording iControl the opportunity to submit supplemental argument of no more than 10 pages to support its request for attorneys' fees and in opposition to Fintech's Motion for Attorneys' Fees.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned certified that counsel for the parties engaged in good faith communications in writing in an attempt to resolve the issues presented in this Motion. Plaintiff does not oppose deferring ruling on the pending attorneys' fee motions, but does object to the alternative requested relief.


/s/ Jonathan B. Sbar
Robert L. Rocke, Esq. (FBN 710342)
Email:  rrocke@rmslegal.com
Jonathan B. Sbar, Esq. (FBN 131016)
Email:  jsbar@rmslegal.com
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, FL  33629
Phone:  813-769-5600
Fax:     813-769-5601
Attorneys for iControl Systems USA, LLC


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following by Electronic Mail on November 24, 2020.

Richard C. McCrea, Jr., Esq. (FBN 351539)
Catherine H. Molloy, Esq. (FBN 33500)
Greenberg Traurig, P.A.

101 E. Kennedy Blvd., Suite 1900
Tampa, FL  33602
Phone:  813-318-5700
Fax:      813-318-5900
Email:  mccrear@gtlaw.com
Email:  molloyk@gtlaw.com
Attorneys for Plaintiff

/s/ Jonathan B. Sbar
Attorney

5