UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, LLC,

        Plaintiff,

v.                                      CASE No. 8:17-cv-190-T-23SPF

ICONTROL SYSTEMS, USA, LLC,

        Defendant.
_____/

## ORDER

This matter comes before the Court upon Defendant's Unopposed Motion to Defer Ruling on the Pending Motions for Attorneys' Fees and Expenses Pending Resolution of the Appeal or Alternative Opposed Motion to File Supplemental Argument on the Fee Issues (Doc. 307). The District Judge previously referred to the undersigned for a report and recommendation the parties' motions for attorneys' fees (Docs. 255, 256) and the resolution of the objections to each party's proposed costs (Docs. 264, 265) (collectively, the "Fee Motions"). *See* Doc. 279 at 4. Defendant now seeks to have consideration of the Fee Motions deferred.

The relevant procedural history of this case, which includes summary judgment in favor of Defendant on four counts, stipulated dismissal of three counts, a jury verdict in favor of Plaintiff on one count, and numerous post-trial motions, is set forth in Defendant's motion. *See* Doc. 307 at 1-2. Most germane here, Defendant has filed an appeal challenging the denial of its post-trial motions, and Plaintiff has filed a cross-appeal

challenging the denial of its request for a permanent injunction. Both appeals are currently pending in the Eleventh Circuit Court of Appeals (Nos. 20-13368 and 20-14325). Defendant argues that the Eleventh Circuit's adjudications may change the prevailing party on particular claims and issues and, thus, may alter the parties' respective entitlements to fees and costs such that deferring ruling may be prudent. This Court agrees.

During an appeal, jurisdiction is retained by the district court to rule on matters collateral to the issues on appeal, including motions for attorney's fees and costs. *See Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003); *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007).[1] Moreover, as explained by the Advisory Committee Notes to Rule 54(d)(2): "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, Advisory Committee Notes (1993 Amendments); *see also Universal Physician Servs., LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2020 WL 888604, at *1 (M.D. Fla. Feb. 4, 2020) (recommending motion for attorney's fees and costs be denied without prejudice and with leave to re-file after entry of appellate court's mandate), *report and recommendation adopted*, 2020 WL 886867 (M.D. Fla. Feb. 24, 2020); *Liberty Mut. Fire Ins. Co. v. State Farm Fla. Ins. Co.*, No. 15-20941-CIV, 2018 WL 9708621, at * 2 (S.D. Fla. Sept. 5, 2018) (deferring motions for attorney's fees and costs with leave to re-file after

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

final appellate decision); *Am. Infoage, LLC v. Regions Bank*, No. 8:13-cv-1533-T-23JSS, 2015 WL 5915969, at *2 (M.D. Fla. Oct. 8, 2015) (denying motion for attorneys' fees and expenses without prejudice and with leave to re-file after entry of appellate court's mandate, dismissal, or otherwise); *The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-cv-39-FtM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014) (denying motion for attorney's fees and costs without prejudice and with leave to re-file after entry of appellate court's mandate); *Southern-Owners Ins. Co. v. Wall 2 Walls Constr., LLC*, No. 8:12-cv-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013) (same).

Here, the outcome of the Eleventh Circuit appeals may indeed affect entitlement to, and the amount of, attorney's fees and costs. Moreover, Plaintiff does not oppose a deferral of the Fee Motions pending the appeals. Accordingly, in the interests of efficiency and economy for both the Court and the parties, it is hereby **ORDERED**:

(1) Defendant's Unopposed Motion to Defer Ruling on the Pending Motions for Attorneys' Fees and Expenses Pending Resolution of the Appeal (Doc. 307) is **GRANTED**.

(2) Defendant's Alternative Opposed Motion to File Supplemental Argument on the Fee Issues (Doc. 307) is **DENIED AS MOOT**.

(3) Defendant's Motion for Attorneys' Fees and Expenses (Doc. 255) and Plaintiff's Motion for Attorneys' Fees (Doc. 256) are **DENIED WITHOUT PREJUDICE**. The parties may again move for attorneys' fees and expenses within twenty-one days after both pending appeals are resolved by the issuance of an appellate mandate, dismissal, or otherwise.

(4) Defendant's Objection to Plaintiff's Bill of Costs (Doc. 264) and Plaintiff's Objection to Defendant's Bill of Costs (Doc. 265) may likewise be re-filed within twenty-one days after both pending appeals are resolved by the issuance of an appellate mandate, dismissal, or otherwise.

**ORDERED** in Tampa, Florida, on December 3, 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE